■ In the Matter of PAUL ARZOOMANIAN, Doing Business as WHIRLWIND LIQUOR STORE, Respondent, v. DENNIS SVORONOS et al., Appellants.— In a proceeding under section 123 of the Alcoholic Beverage Control Law to enjoin respondent Svoronos from engaging in the retail sale of liquor, wine and cider pursuant to a license for certain premises in the City of New York, allegedly issued unlawfully by respondent State Liquor Authority, (1) the latter appeals from so much of an order of the Supreme Court, Queens County, entered May 19, 1965, as denied its cross motion to dismiss the petition upon objec-

tions in point of law and directed it to serve and file its answer within a specified time; and (2) respondent Svoronos appeals from so much of said order as directed him to serve and file his answer within a specified time. On each appeal, order, insofar as appealed from, reversed, with $10 costs and disbursements to each appellant; and cross motion granted and petition dismissed, without costs and without prejudice to renewal of the application, if petitioner be so advised. In order for the court to grant an injunction under section 123 of the Alcoholic Beverage Control Law, the petition therefor must allege that the petitioner is a resident, in addition to a taxpayer, *in* the city, village or town in which the activity in question is or is about to be engaged or participated in, etc. Such allegation of residence is here lacking. We have nevertheless fully examined the record; and, were it not for the jurisdictional defect, we would have affirmed the denial of the cross motion. (Cf. *Matter of Dodge's Liq. Store* v. *Karpowicz,* 25 A D 2d 550.) Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.